UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH MICHAEL KAYSER,

    Plaintiff,

v.                                  Case No: 2:15-cv-566-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

Plaintiff Joseph Michael Kayser seeks judicial review of the denial of his claim for Supplemental Security Income ("SSI") by the Commissioner of the Social Security Administration ("Commissioner"). The Court has reviewed the record, the briefs, and the applicable law. For the reasons discussed herein, the decision of the Commissioner is **AFFIRMED**.

### I. Issues on Appeal[1]

Plaintiff raises two issues on appeal: (1) whether substantial evidence supports the Administrative Law Judge's (ALJ) finding that Plaintiff does not meet or equal listing 12.05C; and (2) whether substantial evidence supports the ALJ's determination of Plaintiff's Residual Functional Capacity ("RFC").

---

[1] Any issue not raised by Plaintiff on appeal is deemed to be waived. *Sanchez v. Comm'r of Soc. Sec.*, 507 F. App'x 855, 856 n.1 (11th Cir. 2013) ("'[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.'") (citing *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004)).

## II.  Procedural History and Summary of the ALJ's Decision

On May 10, 2011, Plaintiff filed an application for SSI alleging a disability onset date of October 25, 2004.  Tr. 136-42.  Plaintiff later amended his alleged onset date to May 10, 2011, his application date.  Tr. 30.  Plaintiff alleged disability due to a cracked pelvis, injured disks, and illiteracy.  Tr. 62, 67.  The applications initially were denied on August 4, 2011 and upon reconsideration on October 14, 2011.  Tr. 67-105.  Plaintiff requested and received a hearing before ALJ Larry J. Butler on September 30, 2013, during which he was represented by an attorney.  Tr. 26-61.  Plaintiff testified at the hearing.  *Id.*

On September 15, 2014, the ALJ issued a decision finding Plaintiff not disabled from May 10, 2011 through the date of the decision.  Tr.12-21.  At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since May 10, 2011.  Tr. 14.  At step two, the ALJ determined that Plaintiff has the following severe impairments: history of right pelvic fracture, chronic low back pain, polysubstance dependence, and borderline intellectual functioning.  *Id.*  At step three, the ALJ concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. 15.  The ALJ then determined that Plaintiff had the RFC to perform the full range of medium work as defined in 20 CFR 416.967(c).[2]  Tr. 16.  Further, the ALJ found

---

[2] The regulations define medium work as work that involves "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, [it is determined] that he or she can also do sedentary and light work." 20 C.F.R. 416.967(c).

> [Plaintiff] is able to occasionally lift/carry 50 pounds, frequently lift/carry 25 pounds, stand/walk about 6 hours in an 8-hour workday, sit about 6 hours in an 8-hour workday, and has unlimited ability to push and pull including operation of hand and/or foot controls. [Plaintiff] is limited to simple, repetitive, routine tasks or unskilled work.

*Id.* Next, the ALJ found Plaintiff has no past relevant work. Tr. 20. Considering Plaintiff's age, education, work experience, and RFC for the full range of medium work, the ALJ concluded that a finding of "not disabled" was directed by Medical-Vocational Rule 203.25 and Rule 203.18.

## I. Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. §416.920. The Eleventh Circuit has summarized the five steps as follows:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether these impairments meet or equal an impairment listed in the Listing of Impairments; (4) if not, whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work; and (5) if not, whether, in light of his age, education, and work experience, the claimant can perform other work that exists in "significant numbers in the national economy."

*Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015) (citing 20 C.F.R. §§ 416.920(a)(4), (c)-(g), 416.960(c)(2); *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011)). The claimant bears the burden of persuasion

through step four; and, at step five, the burden shifts to the Commissioner. *Id.*; *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

The Eleventh Circuit recently has restated that "[i]n determining whether substantial evidence supports a decision, we give great deference to the ALJ's fact findings." *Hunter v. Soc. Sec. Admin., Comm'r,* 808 F.3d 818, 822 (11th Cir. 2015) (citing *Black Diamond Coal Min. Co. v. Dir., OWCP,* 95 F.3d 1079, 1082 (11th Cir. 1996)). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). "The

district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings). It is the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Lacina v. Commissioner,* 2015 WL 1453364, at *2 (11th Cir. 2015) (citing *Grant v. Richardson,* 445 F.2d 656 (5th Cir.1971)).

    II.   Discussion

          *a. Whether substantial evidence supports the ALJ's conclusion that Plaintiff does not meet or medically equally listing 12.05C*

Plaintiff argues that the ALJ erred by failing to provide any substantive discussion of why Plaintiff's intellectual disability did not "equal" listing 12.05C. Doc. 21 at 3-11. Plaintiff contends that the record evidence supports a finding that his impairment equals listing 12.05C; however, the ALJ's failure to discuss listing 12.05C was error. *Id.* This error, according to Plaintiff, deprives the Court of the articulation necessary to perform a substantial evidence review. *Id.* at 10. The Commissioner responds that Eleventh Circuit precedent does not require a mechanical recitation of the evidence at step three, and even an implied finding is sufficient. Doc. 23 at 7-8. According to the Commissioner, the ALJ's statements in this case comport with the minimal articulation necessary at step three. *Id.* Moreover, the Commissioner further argues, Plaintiff has failed to meet his burden that his mental impairment meets or equals listing 12.05C. *Id.* at 8.

The listings describe impairments that the Commissioner considers severe enough to prevent a person from doing "any gainful activity, regardless of his or her age, education, or work experience." *See* 20 C.F.R. §416.925(a). If an adult's impairment "meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. . . ." *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (citing *Bowen,* 482 U.S. at 141). The Eleventh Circuit has described how the standard is met:

> In order to *meet* a listing, the claimant must (1) have a diagnosed condition that is included in the listings and (2) provide objective medical reports documenting that this condition meets the specific criteria of the applicable listing and the duration requirement. A diagnosis alone is insufficient.

*Wilkinson ex rel. Wilkinson v. Bowen,* 847 F.2d 660, 662 (11th Cir. 1987) (citing 20 C.F.R. § 416.925(c)-(d)). The burden of establishing that a claimant's impairments meet or equal a listing rests with the claimant, who must produce specific medical findings that satisfy all the criteria of a particular listing. 20 C.F.R. § 404.1520(a)(4).

The introductory material to the mental disorders listings clarifies Listing 12.05, stating:

> The structure of the listing for intellectual disability (12.05) is different from that of the other mental disorders listings. Listing 12.05 contains an introductory paragraph with the diagnostic description for intellectual disability. It also contains four sets of criteria (paragraphs A through D). If your impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria, [the Commissioner] will find that your impairment meets the listing.

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00A. Listing 12.05 provides, in pertinent part, that a claimant is disabled if he or she meets the following criteria:

> 12.05 Intellectual disability: intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, *or* D are satisfied.
>
> . . .
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;
>
> . . .

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05 (emphasis added). Accordingly, in order to meet listing 12.05, "a claimant must at least[:] 1) have significantly subaverage general intellectual functioning; 2) have deficits in adaptive [functioning]; and 3) have manifested deficits in adaptive [functioning] before age 22." *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997); 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05. Additionally, a claimant must meet one of the four sets of criteria found in 12.05A, B, C, or D, in order to show that his or her impairments are severe enough to meet or equal listing 12.05. 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(A).

Relevant here, as noted above, paragraph C of listing 12.05 is met when the claimant shows: 1) "a valid verbal, performance, or full scale IQ of 60 through 70" and 2) "a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Id.* at § 12.05C. Generally, a claimant meets the criteria for presumptive disability under section 12.05C when the claimant satisfies two prongs: a valid I.Q. score of 60 to 70 inclusive; and evidence of an

additional mental or physical impairment that has more than "minimal effect" on the claimant's ability to perform basic work activities. *Lowery*, 979 F.2d at 837. "It is settled, however, that the presence of a more than slight or minimal limiting impairment satisfies the second criteria of section 12.05C, even if the impairment is treatable." *Davis v. Shalala*, 985 F.2d 528, 262 n.3 (11th Cir. 1993).

Plaintiff begins his argument by conceding that he does not meet all the requirements of listing 12.05C, stating "Plaintiff begins by acknowledging that his intellectual disability does 'meet' the requirements of listing 12.05C because his full IQ score is documented as 73, *three points higher* than required by the listing." Doc. 21 at 5. Instead, he argues that "the evidence more than fairly raises the issue of whether Mr. Kayser's intellectual disability is equivalent in severity to someone who meets [l]isting 12.05" but posits that the ALJ significantly erred by failing to provide any substantive analysis on this issue. *Id.*

The regulations provide three ways to determine medical equivalence:

(1)(i) If you have an impairment that is described in the Listing . . . but—

(A) You do not exhibit one or more of the findings specified in the particular listing, or

(B) You exhibit all of the findings, but one or more of the findings is not as severe as specified in the particular listing,

(ii) We will find that your impairment is medically equivalent to that listing if you have other findings related to your impairment that are at least of equal medical significance to the required criteria.

(2) If you have an impairment(s) that is not described in the Listing of Impairments in appendix 1 of subpart P of part 404 of this chapter, we will compare your findings with those for closely analogous listed

> impairments. If the findings related to your impairment(s) are at least of equal medical significance to those of a listed impairment, we will find that your impairment(s) is medically equivalent to the analogous listing.
>
> (3) If you have a combination of impairments, no one of which meets a listing described in the Listing of Impairments in appendix 1 of subpart P of part 404 of this chapter (see § 416.925(c)(3)), we will compare your findings with those for closely analogous listed impairments. If the findings related to your impairments are at least of equal medical significance to those of a listed impairment, we will find that your combination of impairments is medically equivalent to that listing.

20 C.F.R. § 416.926(b). If a claimant contends that an impairment equals a listing, he "must present evidence which describes how the impairment has such an equivalency." *Wilkinson*, 847 F.2d at 662. "[H]e must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Sullivan*, 493 U.S. at 531 (emphasis in original). Moreover, a plaintiff cannot meet his burden "by showing that the overall functional impact of his unlisted impairment or combination of impairments is as severe as that of a listed impairment." *Id.*

Based on a review of the record and the relevant authority, the Court is not persuaded by Plaintiff's argument that the ALJ erred in failing to provide any substantive discussion of listing 12.05C. Here, the ALJ found that Plaintiff lacks the degree of symptoms, the documentation, and continuity of medical treatment in order to establish an impairment of the severity contemplated by the listings. Tr. 15. The ALJ enumerated listing 12.05C as among those he considered and noted, "the severity of [Plaintiff's] mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.04, 12.05, and 12.09." *Id.* The ALJ acknowledged that Plaintiff obtained a full scale IQ score of

73, placing him in the borderline range of intellectual functioning. Tr. 16. The ALJ cited the medical report of Dr. Claudia Zsigmond, Psy.D., in which she chose not to diagnose Plaintiff with an intellectual impairment "due to limited report of impairments in adaptive functioning." Tr. 16, 266. The ALJ also then discussed Plaintiff's lack of impairments in adaptive functioning, such as his ability to care for his grandmother and his two small pets, and to attend to his personal care. Tr. 15. Moreover, the ALJ discussed Plaintiff's ability to perform household chores and shop in stores for food. *Id.*

The foregoing discussion is sufficient articulation necessary at step three. As the Eleventh Circuit has held, "it is not required that the Secretary mechanically recite the evidence leading to her determination. There may [even] be an implied finding that a claimant does not meet a listing." *Hutchison v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986) (citing *Edwards v. Heckler,* 736 F.2d 625, 629 (11th Cir.1984)). In a case analogous to the instant case, the plaintiff argued that there was a strong possibility that her condition medically equaled a listing but the ALJ erred by not explaining his determination that the plaintiff's condition did not medically equal any listing. *Johnson v. Barnhart*, 148 F. App'x 838, 841 (11th Cir. 2005). The court held,

> [t]he ALJ explained the weight he accorded to certain pieces of evidence and stated that, based on all the record evidence, [the plaintiff's] condition did not medically or functionally equal a listed impairment. This statement is sufficient evidence that the ALJ considered (and rejected) a determination that [the plaintiff's] condition met Listing 103.03(B).

*Id.* (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002)). Although an unpublished opinion is not binding on this Court, the Court finds *Johnson* persuasive in that it relies on Eleventh Circuit precedent. *Id.* (citing *Wilson*, 284 F.3d at 1224 for its holding that an ALJ's statement that "the medical evidence establishes that [the plaintiff] had [several injuries] which constitute a 'severe impairment,' but that he did not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4" was sufficient evidence that the ALJ considered the combined effects of the plaintiff's impairments).

Next, the Court finds that substantial evidence supports the ALJ's decision that Plaintiff's impairments did not meet or equal listing 12.05C. Plaintiff's record consists of no medical records; as such, he was sent to multiple consultative examinations, which the ALJ considered. Tr. 17. Of note, the record does not reflect that Plaintiff ever was diagnosed with intellectual disability. See *Smith v. Comm'r of Soc. Sec.*, 535 F. App'x 894, 897-98 (11th Cir. 2013) ("The fact that none of the other treatment records diagnosed [the plaintiff] with mental retardation [3] supports the ALJ's . . . conclusion that [the plaintiff] did not meet or equal the criteria of Listing 12.05(C).").

Dr. Eshan M. Kibria, M.S., M.B.A., D.O., evaluated Plaintiff on July 26, 2011. Tr. 258-59. The mental status examination revealed that Plaintiff's work related mental activities, understanding, memory, concentration, social interaction and

---

[3] The Court notes that currently listing 12.05 uses "Intellectual disability" in place of "Mental retardation," amended on August 1, 2013. *See* 78 Fed. Reg. 46499-01, 46,500. The listing, however, has not substantively changed. *Id.*

adaptation were intact. Tr. 258. Plaintiff had a normal fund of general information and speech pattern. *Id.* Dr. Lori Chang, Ph.D., evaluated Plaintiff on November 11, 2013. Tr. 269-81. Plaintiff reported that he struggled with academic problems since the onset of his schooling and that he never learned to read or write despite having been placed in special education classes. Tr. 273. Plaintiff reported he dropped out of school in tenth grade due to frustration and inability to retain information. Tr. 280. Dr. Chang performed the Wechsler Adult Intelligence Scale-Fourth Edition test and received a verbal comprehension score of 72 and a full scale score of 73. Tr. 278. Dr. Chang determined that Plaintiff had no difficulties with understanding and remembering simple instructions or in carrying out simple instructions, and had only moderate difficulties with understanding, remembering, or carrying out complex instructions. Tr. 269-81. Dr. Chang diagnosed Plaintiff with borderline intellectual function, but not intellectual disability. Tr. 279. The ALJ accorded this opinion great weight. Tr. 20. Moreover, state agency psychological consultants, Robert F. Schilling, Ph.D. and James Mendelson, Ph.D. both opined that based on the totality of evidence, Plaintiff was capable of independent functioning and there was no indication of a mental impairment that would meet or equal any listing. Tr. 71. The ALJ also accorded these opinions great weight. Tr. 20.

As noted, Plaintiff must prove deficits in adaptive functioning. Although the regulations do not define the term, "adaptive functioning" refers to an individual's progress in acquiring mental, academic, social and personal skills as compared to

other unimpaired individuals of his or her same age.  Program Operations Manual System (POMS), DI 24515.056.D.2.; *see also O'Neal v. Comm'r of Soc. Sec.*, 614 F. App'x 456, 459 (11th Cir. 2015) ("Even though the SSA has not specifically defined 'deficits in adaptive functioning,' the Diagnostic and Statistical Manual of Mental Disorders ("DSM") states that adaptive functioning 'refers to how effectively individuals cope with common life demands and how well they meet the standards of personal independence expected of someone in their particular age group, sociological background, and community setting.' DSM–IV–TR at 42.").

Here, on July 21, 2011, Dr. Zsigmond completed a general clinical evaluation with mental status on Plaintiff, during which she determined that Plaintiff would "not be diagnosed with an intellectual impairment due to limited report of impairments in adaptive functioning." Tr. 266.  Dr. Zsigmond explained that Plaintiff had lived successfully on his own in the past and was then caring for his grandmother and managing her household.  Tr. 266.  In fact, Plaintiff reported that he cared for his grandmother and two small pets, and had no difficulty with personal care.  Tr. 174.  Plaintiff was able to prepare his own meals every day and complete all his indoor and outdoor household chores.  Tr. 175.  He was able to shop twice per week, although he bicycled to the store as he was unable to drive because he lost his driver's license as a result of convictions for driving under the influence.  Tr. 51-52, 176.  He testified that he lived alone and was responsible for paying the mortgage and utilities on his house.  Tr. 43-46, 48.

In addition to his daily activities, Plaintiff's work activity suggests a lack of deficit in adaptive functioning.  Plaintiff testified that he had no problems following directions.  Tr. 43-44.  Plaintiff testified that he mows his neighbor's lawn every Friday.  Tr. 49.  As of the hearing date, he was working as a day laborer three to five days per week performing construction jobs.  Tr. 333-35.  He testified that one year prior to the hearing, he briefly worked for approximately one month building houses but quit because he did not like the way his employer was paying him.  Tr. 49-50.  In the past, he testified that he worked in lawn maintenance and constructed and dismantled docks.  Tr. 33.

Plaintiff's friend, Maurice Bushway, completed a function report, to which the ALJ gave great weight.  Tr. 212-19.  Mr. Bushway had known Plaintiff for twenty-five years. Mr. Bushway's report suggested that Plaintiff only had physical limitations in that no mental impairments were noted except for a difficulty with written instructions.[4]  He also stated that Plaintiff can pay attention "forever" but stated that Plaintiff has difficulty following written instructions because he does not read.  *Id.*

The Eleventh Circuit has upheld an ALJ's conclusion that a claimant did not meet or equal the criteria for 12.05C when the claimant's deficits in adaptive functioning were not reflective of an intellectual disability.  *See e.g.*, *Harris v. Comm'r of Soc. Sec.*, 505 F. App'x 874, 876 (11th Cir. 2013); *Hickel v. Comm'r of Soc.*

---

[4] With respect to checking off a list of items that are affected by Plaintiff's impairments, Mr. Bushway did not check off any mental impairments such as memory, concentration, understanding, or following instructions.  Tr. 217.

*Sec.*, 539 F. App'x 980, 984 (11th Cir. 2013); *O'Neal*, 614 F. App'x at 459. For example, in *Hickel*, the ALJ acknowledged that the plaintiff had a valid IQ score between 60 and 70. 539 F. App'x at 984. The ALJ found, however, that the plaintiff did not have deficits in adaptive functioning because the plaintiff worked part time, had friends, attended church regularly, drove, cared for her personal needs, could prepare simple meals, groom, dress and bathe herself. *Id.* Accordingly, the ALJ found that the Plaintiff did not meet the requirements of 12.05C because she lacked deficits in adaptive functioning. *Id.* The court found that substantial evidence supported the ALJ's finding. *Id.* at 985. In *O'Neal*, the Court held that because the plaintiff held a job as a dishwasher for many years without receiving any special accommodation or training, quit his job only for family reasons - after which he worked occasionally as a handy man - and was able to help at home with light yard work, look after his two children, and independently perform all his activities of personal care and daily living, the plaintiff did not have sufficient adaptive functioning deficits to meet the requirements of the diagnostic description in listing 12.05. 614 F. App'x at 459.

Accordingly, based on the record evidence and the foregoing authority, the Court finds that the ALJ committed no reversible error at step three of the sequential evaluation process and his decision must be affirmed on this issue.

### b. Whether the RFC is supported by substantial evidence

Plaintiff argues that the ALJ's RFC determination is erroneous because it fails to account for the ALJ's finding that Plaintiff had moderate difficulties in

concentration, persistence, and pace. Doc. 21 at 11-14. The Commissioner responds that the ALJ's finding that Plaintiff was limited to unskilled work adequately accounted for Plaintiff's deficits in concentration, persistence, or pace. Doc. 24 at 14. Having reviewed the record and controlling authority, the Court finds substantial evidence supports the ALJ's RFC assessment.

The RFC is the most that a claimant can do despite his limitations. *See* 20 C.F.R. § 404.1545(a). At the hearing level, the ALJ has the responsibility of assessing a claimant's RFC. *See* 20 C.F.R. § 404.1546(c). The ALJ is required to assess a claimant's RFC based on all of the relevant evidence in the record, including any medical history, daily activities, lay evidence and medical source statements. 20 C.F.R. § 404.1545(a). The claimant's age, education, work experience, and whether he can return to his past relevant work are considered in determining his RFC, *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1520(f)), and the RFC assessment is based upon all relevant evidence of a claimant's ability to do work despite his impairments. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004); *Lewis*, 125 F.3d at 1440 (citing 20 C.F.R. § 404.1545(a)).

In conducting his step three analysis, the ALJ considered the four broad functional areas set out in the regulations for evaluating mental disorders and in section 12.00C of the Listing of Impairments, the so-called "paragraph B" criteria.[5] Tr. 15. The ALJ found that Plaintiff had moderate difficulties in maintaining concentration, persistence, or pace. *Id.* In so doing, the ALJ discussed that in his

---

[5] 20 C.F.R., Part 404, Subpart P. Appendix 1.

initial mental status examination, Plaintiff demonstrated adequate recall of recent and remote events, suggesting no severe short-term or long-term memory impairment. *Id.* The ALJ also discussed other findings from the initial mental status examination. Plaintiff was able to recall the three word list immediately and then five minutes later he recalled one of three words. Tr. 16. Plaintiff was prompted with semantic cueing and was unable to recall one of the remaining words. *Id.* Plaintiff was unable to spell the word WORLD forwards or backwards, indicating poor spelling abilities. *Id.* Plaintiff was able to complete simple math calculations. *Id.* His speech and thought processes were goal-directed, logical and coherent, and there was no evidence of a formal thought disorder. *Id.* The ALJ discussed that during the second mental status examination, Plaintiff's immediate recall was three out of three and one out of three recall after a short delay. *Id.* Plaintiff was unable to complete serial sevens without minor computation errors, though he correctly computed serial threes. *Id.* Plaintiff did not have any noted difficulties with repetition or following single and multi-step commands. *Id.* Again, there was no indication of formal thought disorder or psychotic symptoms. *Id.* As noted, the ALJ limited Plaintiff's RFC to performing "simple, repetitive, routine tasks or unskilled work." Tr. 16.

Both parties rely on *Winschel*, 631 F. 3d 1176, to support their arguments. Plaintiff argues that a mere restriction to "simple, repetitive, routine tasks or unskilled work" is deficient when the record, such as here, reflects restrictions of concentration, persistence, or pace. Doc. 21 at 12 (citing *Winschel*, 631 F. 3d at

1180). The Commissioner, on the other hand, argues that the ALJ need not explicitly reference concentration, persistence, or pace where the ALJ indicates that medical evidence suggests the claimant can work despite the limitation. Doc. 24 at 14 (citing *Winschel*, 631 F. 3d at 1181).

In *Winschel*, the Eleventh Circuit for the first time in a published opinion decided whether a hypothetical question to a vocational expert must specifically account for limitations in concentration, persistence, and pace. 631 F.3d at 1180. The Court held, if the ALJ determines that a claimant has moderate limitation in maintaining concentration, persistence, and pace, the ALJ's hypothetical to the VE must include, or implicitly account for, this limitation. *Id.* at 1181. Here, in his RFC determination, the ALJ stated that he "considered [Plaintiff's] difficulty with intellectual functioning but finds that he still retains the capacity to perform unskilled work based on consultative evaluations, intellectual testing, and activities of daily living." Tr. 19.

The evidence, as more thoroughly discussed in the previous section, provides substantial evidence for the ALJ's RFC determination. Dr. Kibria noted Plaintiff's work-related mental activities, understanding, memory, concentration, social interaction and adaptation were intact. Tr. 258. Dr. Chang noted no difficulties with repetition or following single and multi-step commands; and, although Plaintiff was unable to complete serial sevens, he was able to compute serial threes. Tr. 276. Dr. Chang opined that Plaintiff had no difficulties with understanding and remembering simple instructions or in carrying out simple instructions, and had

moderate difficulties with understanding, remembering, carrying out complex instructions, and making judgments on complex work-related decisions. Tr. 269. As several courts have found, the Court similarly finds here that the medical evidence demonstrates that the ALJ's restriction to simple, repetitive, routine tasks or unskilled work sufficiently accounts for Plaintiff's limitations on concentration, persistence and pace. See, e.g., *Winschel,* 631 F.3d at 1180-81; *Jacobs v. Comm'r of Soc. Sec.*, 520 F. App'x 948, 950-51 (11th Cir. 2013); *Timmons v. Comm'r of Soc. Sec.*, 522 F. App'x 897, 907-08 (11th Cir. 2013).

V. Conclusion

Upon review of the record, the undersigned concludes that the ALJ applied the proper legal standards, and his determination that Plaintiff is not disabled is supported by substantial evidence.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 8th day of November, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies: Counsel of record